UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARY DOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:07-CV-39 (JCH) |
| ) | |
| DEBT RELIEF AMERICA, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff Mary Dowell's Motion to Remand (Doc. No. 7), filed September 13, 2007. The matter is fully briefed and ready for a decision.

## BACKGROUND

By way of Background, Defendant is a company that helps its customers control and reduce their debts. (Complaint ("Compl."), Doc. No. 1 at Ex. A). Specifically, its customers make a "significant monthly payment" to it. (Id. at Ex. B p. 1) Then, after charging an administrative fee,[1] it negotiates with its customers' creditors to settle their debts. (Id. at Ex. A p. 1). As part of this service, Defendant instructs its customers to stop paying their creditors. (Id. at Ex B. p. 1). Plaintiff alleges that Defendant's service does not reduce its customers' debts, rather it results in its customers being charged high rates and fees and having damaged credit scores. (Id.).

Plaintiff contracted with Defendant to help reduce her approximately $12,000 of debt. (Id. at Ex. C p. 1). Defendant instructed Plaintiff to pay it $206.97 a month and to stop servicing her

---

[1]The administrative fee is six percent of the customer's total debt. (Compl at Ex. C p. 1). Defendant also charges its customers a fifteen percent negotiation fee on each debt it settles. (Id.).

- 1 -

debts. (Id. at ¶ 10). Plaintiff made these payments for about eight months before quitting the program and declaring bankruptcy due to being "overwhelmed with debt that had accrued interest and fees." (Id. at Ex. A p. 2).

On April 12, 2007, Plaintiff filed a purported class action suit in the Circuit Court of Marion County, Missouri. (2:07-CV-27 (JCH) ("First Case"), Complaint, Doc. No. 1). In the First Case's Complaint, Plaintiff alleged the following claims: (I) declaratory judgment stating that the arbitration agreement is void; (II) violation of Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. ("MMPA"); (III) per se violation of the MMPA; (IV) unjust enrichment; and (V) unauthorized practice of law, in violation of Mo. Rev. Stat. § 484.010-.020. (Id.). Plaintiff requested that "[she] and members of the class" be awarded damages "in excess of $25,000," treble damages, attorney's fees, and punitive damages. (Id. at p. 28). On June 8, 2007, Defendant removed the First Case to this Court on the basis of diversity jurisdiction. (Id. at ¶¶ 10-11). On June 15, 2007, Plaintiff filed a motion to remand, which the Court denied after determining that the amount in controversy satisfied the requirements of 28 U.S.C. § 1332(a). (Order of June 27, 2007, Doc. No. 17). On July 5, 2007, Plaintiff voluntarily dismissed the First Case. (Notice of Voluntary Dismissal, Doc. No. 18).

On August 6, 2007, Plaintiff again filed a purported class action suit against Defendant in the Circuit Court of Marion County, Missouri. (2:07-CV-39 (JCH) ("Second Case"), Notice of Removal, Doc. No. 1). The Second Case's Complaint contains the same claims as the First Case's Complaint. (Compl., Doc. No. 1). Plaintiff also attached an affidavit to the Second Case's Complaint stating that:

> I agree to limit my recovery in the above referenced action to less than $75,000.00 in total damages, exclusive of interests (sic) and costs.
>
> As a class representative, after investigation of the likely size of the class and other considerations, I agree to limit any potential class recovery to less than $5,000,000.00 in total damages and injunctive relief.
>
> This is a binding stipulation.

> It is enforceable without regard to the attorneys that represent me.
>
> I have entered into this stipulation because I believe it is in the best interest of members of the putative class.

(Id. at Ex. C ¶ ¶ 1-6). On September 4, 2007, Defendant removed the Second Case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. No. 1). On September 13, 2007, Plaintiff filed a motion to remand asserting that this Court does not have diversity jurisdiction because 28 U.S.C. § 1332(a)'s amount in controversy requirement has not been met. (Doc. No. 7). Defendant responds that the affidavit filed by Plaintiff does not prevent the Court from finding that more than $75,000 is at issue. (Doc. No. 13). Following this Response, Plaintiff filed a supplemental affidavit, stating that:

> I agree to limit my recovery in the above-referenced action to less than $75,000 in total damages and attorney's fees, exclusive of interests (sic) and costs.
>
> As a class representative, after investigation of the likely size of the class and other considerations, I agree to limit any potential class recovery to less than $5,000,000.00 in total damages, attorney's fees and injunctive relief.
>
> By stating that I will "limit my recovery" or that "I agree to limit any potential class recovery" to the amounts specified, I mean (and meant in my previously filed affidavit) that I will not accept any amounts beyond those amounts to which I "limited" my recovery.
>
> By "total damages" I mean (and meant in my previously filed affidavit) *all damages*, to include every conceivable sort of damage award, to include punitive damages, treble damages and awards of attorney's fees.
>
> This is a binding stipulation, enforceable regardless of the attorneys that represent me.
>
> I have entered into this stipulation because I believe it is in the best interest of the members of the putative class.

(Reply, Doc. No. 17 at Ex. 1 ¶¶ 2-7).

## MOTION TO REMAND STANDARDS

On a motion to remand, the party seeking removal and opposing remand bears the burden of establishing the Court's jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir.

1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Manning v. Wal-Mart Stores E., Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

## DISCUSSION

Federal courts are courts of limited jurisdiction. Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003). Diversity jurisdiction exists when there is a complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004).[2] Here, neither party disputes that there is a complete diversity of citizenship. (Notice of Removal, Doc. No. 1 at ¶¶ 4-5). Rather the amount in controversy is at issue. Plaintiff contends that her affidavits conclusively show that the amount in controversy is less than $75,000. (Memo. in Supp., Doc. No. 8 at p. 3). Defendant responds that Plaintiff does not specifically address whether she will accept an award of over $75,000 in damages. (Resp., Doc. No. 13 at p. 4). Moreover, Defendant asserts that Plaintiff fails to make clear whether her definition of the term "damages" includes treble damages, punitive damages, and attorneys' fees. (Id.).

To determine jurisdiction, the Court looks at the parties' status at the time of the lawsuit's filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004). When determining whether the amount in controversy requirement is met, the amount contained in the pleadings is not dispositive. State ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 174 (8th Cir. 1995). Rather, the standard is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. See Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Where state law

---

[2]28 U.S.C. § 1332(d) allows a Court to exercise jurisdiction over class action claims where the amount in controversy is over $5,000,000. Here, Defendant avers that it "is not seeking to invoke this Court's jurisdiction pursuant to [§ 1332(d)]." (Resp., Doc. No. 13 at p. 6).

prohibits a plaintiff from specifying in the complaint the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir.2003).

In situations, such as this, where state law[3] prevents a plaintiff from demanding a specific amount of damages in her Petition, some courts have permitted a plaintiff to stipulate the amount in controversy at the time of removal. See Ward v. Sailormen, Inc., No. 4:06-CV-1814 (JCH), 2007 WL 1610510, at * 2 (E.D. Mo. June 1, 2007) (Hamilton, J.); see also Slavin v. State Farm Mut. Auto. Ins. Co., No. 4:05-CV-1968 (MLM), 2005 WL 3274337, at *2 (E.D. Mo. Dec. 2, 2005). Additionally, post-removal affidavits may considered so long as "they clarify, rather than amend, the original pleading." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005); see also Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (allowing use of affidavit to determine amount in controversy so long as that amount is ambiguous). Moreover, courts will remand a case when the plaintiff stipulates that he is seeking less than the jurisdictional amount. Yarovinski v. Heartland Express Inc. of Iowa, No. 4:05-CV-1953 (DDN), 2006 WL 146222, at *2 (E.D. Mo. Jan. 19, 2006).

Upon consideration, the Court finds no reason to depart from above approach and will apply it to the case at bar. Here, Plaintiff attached a stipulation to her Complaint that the amount in controversy was less than $75,000. Furthermore, she filed a supplemental affidavit reaffirming that she cannot recover more than $75,000. After reading these two affidavits, it is clear that at the time of the Second Case's filing, Plaintiff could not recover more than $75,000.[4] As such, the Court has

---

[3]See Mo. R. of Civ. Pro. 55.05 (prohibiting a party from demanding a specific amount in its pleadings).

[4]Defendant also asserts that remand is not proper in this situation because Plaintiff's affidavits improperly stipulate that the class cannot recover more than $5,000,000. (Resp., Doc. No. 13 at pp.

no jurisdiction over this case because the amount in controversy requirement of § 1332(a) has not been satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED** and this case is **REMANDED** to the Circuit Court of Marion County, Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall in state court the affidavits (Doc. No. 1 at Ex. C; Doc. No. 17 at Ex. 1) filed in this Court.

Dated this 3rd day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

8-9). The Court, however, believes that these stipulations have no impact on its decision because Defendant has averred that it is not trying to invoke the Court's jurisdiction under § 1332(d). As such, the Court will not comment on the propriety of Plaintiff's stipulations for the class and leaves this issue, as it should when it has no jurisdiction, for the state court.